**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ROBERT BACOS, ALIN POP, and ANDREI TOMESCU, individually and on behalf of all those similarly situated,

Plaintiffs,

v.

CASE NO.: 26-CV-3706

CALABASAS BEVERAGE COMPANY, LLC and K&SODA INC d/b/a 818 SPIRITS INC.,

Defendants.
_______________________________________/

**DEFENDANT HEAVEN HILL'S MOTION FOR REASSIGNMENT BASED ON RELATEDNESS PURSUANT TO LOCAL RULE 40.4**

Heaven Hill Distilleries, Inc. ("Heaven Hill"), Defendant in *Dubreu v. Heaven Hill Distilleries, Inc.*, No. 1:26-cv-05330 (N.D. Ill.), respectfully moves for a finding of relatedness and reassignment of *Dubreu* to the Honorable Matthew F. Kennelly pursuant to Local Rule 40.4. *Bacos v. Calabasas Beverage Company, LLC*, No. 1:26-cv-03706 (N.D. Ill.), was filed on April 3, 2026, and is currently pending before this Court. The *Dubreu* case was later filed on May 7, 2026, and was randomly assigned to the Honorable District Judge Sharon Johnson Coleman. Because *Bacos* and *Dubreu* share overlapping factual allegations, legal theories, and common questions of law and fact, reassignment of *Dubreu* to District Judge Kennelly will promote judicial economy, prevent the risk of inconsistent rulings, and serve to save judicial time. Alternatively, Heaven Hill requests Your Honor to consider reassignment under N.D. Ill. IOP 13(d).

In support thereof, Heaven Hill states as follows:

## I. BACKGROUND

On April 3, 2026, Plaintiffs Robert Bacos, Alin Pop, and Andrei Tomescu filed *Bacos*, a putative consumer class action alleging that Defendants Calabasas Beverage Company, LLC and K&Soda Inc. d/b/a 818 Spirits Inc. deceptively marketed and labeled 818 Tequila as "100% agave," "small batch," and "handcrafted." (*See Bacos* Compl. ¶¶ 1-16, ECF No. 1.) *Bacos* was randomly assigned to the Honorable District Judge Matthew F. Kennelly. Shortly after that, on May 7, 2026, Plaintiffs Mariana Dubreu and Traian Sava filed *Dubreu*, a putative consumer class action alleging that Defendants Heaven Hill and Tierra de Agaves, S.A. de C.V. ("TDA") deceptively marketed and labeled Lunazul Tequila as "100% agave." (*See Dubreu* Compl. ¶¶ 1-17, attached as **Exhibit A**.)

Both *Bacos* are *Dubreu* Plaintiffs are represented by Dragos Butucea-Boscoianu, Esq. of Access Law Group. Both actions' Plaintiffs purport to represent consumers who purchased tequila products in reliance on the "100% agave" label representation. (*See Bacos* Compl. ¶ 69; *Dubreu* Compl. ¶ 70.) Both complaints allege that independent isotopic testing by Eurofins Analytics demonstrated that the tested tequila products contained ethanol derived, at least in part, from non-agave sources, contradicting the "100% agave" representations on the product labels. (*See Bacos* Compl. ¶¶ 58-66; *Dubreu* Compl. ¶¶ 55-63.)

The two complaints assert overlapping and, in several instances, identical causes of action. Both assert claims under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* (*Bacos* Count I; *Dubreu* Count I); the Illinois Uniform Deceptive Trade Practices Act ("DTPA"), 815 ILCS 510/1 *et seq.* (*Bacos* Count II; *Dubreu* Count II); violations of the consumer protection statutes of multiple additional states (*Bacos* Count VI; *Dubreu* Count V); unjust enrichment (*Bacos* Count VII; *Dubreu* Count VI); and negligent

misrepresentation (*Bacos* Count VIII; *Dubreu* Count VII). Both complaints also seek class certification on behalf of nationwide, state, and multi-state subclasses under Federal Rule of Civil Procedure 23. (*See Bacos* Compl. ¶¶ 80-94; *Dubreu* Compl. ¶¶ 81-94.)

The core factual and legal theory in both cases is identical: Plaintiffs allege that Defendants marketed and sold tequila products as "100% agave" when, according to laboratory testing, the products contained ethanol derived from non-agave sources, enabling the Defendants to charge consumers a price premium for non-premium tequila. (*See Bacos* Compl. ¶¶ 9-15, 54-57; *Dubreu* Compl. ¶¶ 7-10, 51-54.) Both complaints allege the same class period beginning in approximately May 2021, cite the same regulatory framework governing tequila production (including NOM designations and CRT certification), and assert that the adulteration was not reasonably discoverable by consumers absent specialized isotopic testing. (*See Bacos* Compl. ¶¶ 73-74, 82; *Dubreu* Compl. ¶¶ 74-75, 83.)

In *Bacos*, Defendants filed a Motion to Dismiss on June 8, 2026, and discovery has been stayed pending resolution of that motion until July 28, 2026. (*Bacos*, ECF Nos. 16-18, 20.) In *Dubreu*, Heaven Hill appeared on June 1, 2026, its Motion to Dismiss is due July 13, 2026, and the initial status hearing is currently set for August 7, 2026. (*Dubreu*, ECF Nos. 5, 9.) Neither case has begun discovery.

## II. <u>ARGUMENT</u>

### a. *Bacos* and *Dubreu* Are Related Cases Under Local Rule 40.4(a)

Pursuant to Local Rule 40.4(a), civil cases may be sufficiently related to warrant reassignment if "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class-action suits, one or more of the classes involved in the cases is or are the same." L.R. 40.4(a). Here,

*Bacos* and *Dubreu* are related under the second prong of L.R. 40.4(a) because the cases involve some of the same issues of fact and law.

There need not be perfect symmetry between the two cases for a finding of relatedness. L.R. 40.4(a) "does not require complete identity of issues in order for cases to be considered related." *Stingley v. Laci Transp., Inc*., 18-CV-06221, 2020 WL 12182491, at *3 (N.D. Ill. Dec. 1, 2020) (citation omitted). Rather, it is enough that the two cases "involve some of the same issues of fact or law." *Id.*; *see also Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20-CV-2523, 2020 WL 8367421, at *2 (N.D. Ill. Sep. 4, 2020) ("To be sure, the claims and issues are not identical in every respect. But L.R. 40.4(a)(2) does not demand a complete identity of legal and factual issues; rather, the cases must 'involve some of the same issues of fact or law.'").

*Bacos* and *Dubreu* share a common factual foundation satisfying L.R. 40.4(a): both are consumer class actions alleging that tequila products sold in the United States were deceptively labeled as "100% agave." The cases present the same or substantially similar legal and factual issues, including: (1) whether the "100% agave" representation on tequila product labels is false or misleading; (2) whether the plaintiffs have standing based on testing performed on *different* tequila bottles; (3) whether the limited test results warrant extrapolating adulteration allegations to all tequila produced during the relevant period; (4) the reliability and admissibility of carbon isotopic testing methodologies (e.g., SNIF-NMR); (5) whether the Defendants' conduct constitutes deceptive or unfair practices under the ICFA and DTPA; (6) the impact of Mexican regulations and certifications on state law claims; (7) whether certain state statutory safe harbors or preemption principles preclude Plaintiffs' state law claims; (8) the appropriate methodology for calculating class-wide price premium damages; (9) whether the proposed classes are certifiable under Federal Rule of Civil Procedure 23; (10) whether applicable statutes of limitation were tolled due to the

undiscoverability of the alleged adulteration; and (11) whether the Court should abstain from hearing the actions because of significant foreign policy implications and considerations.

The relatedness prongs of L.R. 40.4(a) are disjunctive, and it is sufficient that these cases involve many of the same issues of fact and law. *See Williams v. Walsh Const.*, No. 05 C 6807, 2007 WL 178309, at *1 (N.D. Ill. Jan. 16, 2007). The Court should thus find that *Bacos* and *Dubreu* are related.

**b. The Conditions for Reassignment Under Local Rule 40.4(b) Are Satisfied**

Under L.R. 40.4(b), a case that meets any of the "related" prongs of L.R. 40.4(a) may be reassigned if each of the following criteria is met: (1) both cases are pending in the same court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. Each condition is satisfied here.

**i. Both Cases Are Pending in the Same Court**

*Bacos* and *Dubreu* are both pending in the United States District Court for the Northern District of Illinois. *Bacos* is assigned to Your Honor, and *Dubreu* is currently assigned to District Judge Coleman.

**ii. The Handling of Both Case by the Same Judge Would Likely Result in a Substantial Saving of Judicial Time and Effort.**

The claims at issue in *Bacos* and *Dubreu* are substantially similar; present overlapping factual allegations and legal theories; and are anticipated to require the Court to adjudicate similar legal issues. Both cases involve putative class actions alleging that tequila products were deceptively labeled as "100% agave," that laboratory testing refutes the label claims, and that consumers paid a price premium in reliance on the misrepresentation. Both assert claims under the

ICFA, the DTPA, and common-law theories of unjust enrichment and negligent misrepresentation. The legal standards governing these claims, including the elements of consumer deception, reliance, and damages, are identical.

Significant shared factual and legal issues will need to be addressed in both cases as explained above in Section II(a). Having a single judge resolve these complex and overlapping factual and legal issues would prevent inconsistent, contradictory, or nuanced rulings from different courts within the same District. *See Baker v. Amsted Rail Co.*, No. 12-CV-1245-MJR-SCW, 2013 WL 361812 , at *2 (S.D. Ill. Jan. 30, 2013) (citing *Smith v. Check-N-Go of Illinois*, 200 F.3d 511, 513 n.1 (7th Cir. 1999); *Blair v. Equifax Check Services*, 181 F.3d 832, 839 (7th Cir. 1999)).

Your Honor is already presiding over *Bacos* and is becoming familiar with the factual and legal framework common to both actions. For instance, the "100% agave" tequila mislabeling theory, the isotopic testing methodology, the regulatory landscape governing tequila production, and the class action certification issues are all issues before Your Honor. This familiarity will increase efficiency in managing *Dubreu*. *See Murphy v. Vill. of Palatine*, No. 15-cv-9800, ECF No. 26 (N.D. Ill. Feb. 19, 2016) (Kennelly, J.) ("I agree that [this] case should be reassigned to my calendar" because it "shares common issues with [a case that] I previously handled," such that "reassignment will enable the case to be more efficiently administered and will serve to save judicial time").

Reassignment will "not waste sunk costs, and it will avoid the prospective cost of requiring two judges' efforts to resolve these similar . . . motions." *Stingley*, 2020 WL 12182491 at *3.

### iii. Reassignment Would Not Delay the Earlier-Filed *Bacos* Case

Both cases are in the earliest stages of litigation. The *Bacos* Defendants' Motion to Dismiss will not be fully briefed until July 20, 2026, and discovery has been stayed until July 28, 2026. (*See Bacos*, ECF Nos. 16, 18, 20.) In *Dubreu*, Heaven Hill's response to the Complaint is due July 13, 2026, and the initial status hearing is set for August 7, 2026. (*See Dubreu*, ECF Nos. 4, 9.) Both cases are also yet to begin discovery. Reassignment of *Dubreu* to Your Honor would not delay the proceedings in *Bacos* in any respect.

### iv. The Cases Are Susceptible to Disposition in a Single Proceeding

Although the two cases involve different Defendants and different tequila brands, the claims and defenses raise substantially similar legal and factual issues, making it practical to have both cases before a single judge. The standard does not require identical parties. *See Huff v. UARCO, Inc.*, 2000 WL 1530002, at *3 (N.D. Ill. Oct. 13, 2000) (Kennelly, J.) (noting that the court had agreed to reassignment under IOP 13(d) because the later case "involve[d] the same patents, same attorneys, and same plaintiff (but different defendants)" as the earlier case).[1] Indeed, this Court has recognized that reassignment is appropriate even where the defendants differ, so long as the cases share common factual and legal issues. *Id.*

The *Bacos* and *Dubreu* complaints share the same core legal theory, that tequila labeled "100% agave" was adulterated with non-agave ethanol, and assert overlapping causes of action under the same statutes. Both were filed by the same Plaintiffs' counsel. Both will require the Court to resolve the same contested scientific and regulatory questions, including the reliability of isotopic testing, the legal significance of Mexican regulations and certifications, and the proper

---

[1] Under N.D. Ill. IOP 13(d), if two or more assigned judges agree that reassigning a case to one of them will promote efficient administration and save judicial time, they can jointly request that the court's Executive Committee reassign the case.

measure of price premium damages. "Plaintiffs need only show that the two actions are susceptible to be disposed of together, not that they will be." *Velocity Patent LLC v. Mercedes-Benz USA, LLC*, 2014 WL 1661849, at *2 (N.D. Ill. Apr. 24, 2014).

Moreover, the Southern District of Florida recently transferred *Palacio v. Heaven Hill Distilleries, Inc.*, Case No. 1:26-cv-24191 (S.D. Fla.), a similar consumer class action involving "100% agave" tequila mislabeling claims against Heaven Hill, to the Honorable District Judge Darrin P. Gayles for coordination with an earlier-filed tequila mislabeling case involving *different Defendants*, just as Heaven Hill requests here. *See Palacio*, Case No. 26-cv-24191 [ECF No. 6], p. 1 (S.D. Fla. June 22, 2026) ("a transfer of this action is appropriate pursuant to Internal Operating Procedure 2.15.00 and Local Rule 3.8, due to **Case No. 1:26-cv-24191-KMM** being of the same subject matter and arising out of the same circumstances as in **Case No. 1:25-cv-25926-DPG**"). A copy of the Order is attached as **Exhibit B**. That transfer order recognized that cases involving "the same subject matter and arising out of the same circumstances" warrant reassignment to a single judge, notwithstanding that the two cases were brought against different defendants. *Id.*

## III. CONCLUSION

As shown above, *Bacos* and *Dubreu* are related cases under Local Rule 40.4(a) and good cause exists for reassignment under Local Rule 40.4(b). Accordingly, Heaven Hill respectfully requests that the Court enter an order finding *Bacos* and *Dubreu* related and reassigning *Dubreu* to Your Honor. Alternatively, Heaven Hill requests Your Honor consider reassignment of *Dubreu* under N.D. Ill. IOP 13(d).

## CERTIFICATE OF CONFERRAL

On July 1, 2026, counsel for Heaven Hill conferred with Plaintiffs' counsel to request their position on the instant motion. Plaintiffs do not agree with the requested relief.

Dated: July 2, 2026

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ *Kayla L. Pragid*

Kayla L. Pragid (admitted pro hac vice)
777 South Flagler Drive, Suite 1900W
West Palm Beach, FL 33401
Tel: (561) 650-8303
Kayla.Pragid@hklaw.com

Andrew Balthazor (admitted pro hac vice)
515 East Las Olas Blvd Suite 1200
Fort Lauderdale, FL 33301
Tel: (954) 525-1000
Andrew.Balthazor@hklaw.com

Jessica Brown (pro hac vice forthcoming)
560 Mission Street, Suite 1900
San Francisco, California 94105
Tel: (415) 743-6935
Jessica.Brown@hklaw.com

Melissa F. Gold (Attorney No. 6312904)
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
Tel: (312) 715.5726
Melissa.Gold@hklaw.com

*Attorneys for Defendant Heaven Hill*